UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Kimberly Cellent<br>　　　Plaintiff, | )<br>)<br>)<br>) |
| v. | ) Case No. 3:25-CV-945<br>) |
| Trueaccord Corp.<br>　　　Defendant, | )<br>) JURY TRIAL DEMANDED<br>)<br>) |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. INTRODUCTION

1. Plaintiff brings this action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from Defendant's continued debt collection communications after receiving written notice to cease, in violation of 15 U.S.C. § 1692c(c).

II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this District as the Plaintiff resides in Charlotte, North Carolina, and the Defendant transacts and conducts business in this District.

1

## III. PARTIES

3. Kimberly Cellent (hereinafter "Plaintiff") is a natural person and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Trueaccord Corp. is a Delaware corporation. The Registered Agent is Incorp Services, Inc.. Their registered mailing address is located at 176 Mine Lake Ct, Suite 100, Raleigh, NC 27615.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and is engaged in the business of collecting consumer debts. The defendant's principal purpose of existence and revenue generation is in the industry of debt collection, as evidenced throughout its website (https://www.trueaccord.com/).

6. Defendant's communications with Ms. Cellent were made solely with the intention of inducing payment from her. This communication shows Defendant's role and qualification as a "Debt Collector", as defined in 15 U.S.C. § 1692a(6).

## IV. FACTS OF THE COMPLAINT

7. On or about October 7, 2025. Plaintiff received a SMS from Trueaccord stating "Welcome to SMS with Trueaccord". Defendant sent an additional message with an offer to resolve a debt for $440 and provided a payment link.

8. After Ms. Cellent clicked the payment link to find out more information about the debt, she discovered that Defendant was attempting to collect a debt originally owed to LVNV Funding LLC in the amount of $500.

2

9. This alleged debt was incurred for personal, family and household purposes as required for jurisdiction under the FDCPA. This debt was purportedly originally owed to Onemain Financial Group LLC, a learning lender for consumers.

10. Ms. Cellent replied to this text message on October 8, 2025, informing Defendant that she was not going to pay this debt. Ms. Cellent explicitly refused to pay this debt pursuant to 15 U.S.C. § 1692c(c).

11. Despite Ms. Cellent's explicit refusal, Defendant continued to contact her, attempting to collect the debt.

12. Under § 1692c(c), if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, the debt collector shall not communicate further with respect to the debt.

13. Defendant's continued communications after receipt of Plaintiff's refusal to pay were knowing, willful, and part of a pattern or practice of ignoring consumer rights under the FDCPA. This pattern demonstrates an intentional disregard for the law and the rights of the plaintiff, warranting the maximum statutory damages permitted under 15 U.S.C. § 1692k(a)(2)(A).

## V. FIRST CLAIM FOR RELIEF

*Violations of 15 U.S.C. § 1692c(c) – Failure to Cease Communication*

14. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

15. Defendant violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff after receiving her written refusal to pay the alleged debt. Under the FDCPA, even a single prohibited communication after such notice constitutes a violation.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

1. Judgment for violations of the FDCPA;
2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
3. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
4. Prejudgment interest on all monetary awards;
5. That actual and statutory damages be awarded cumulatively, not in the alternative.
6. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
7. Such other and further relief as the Court may deem just and proper.

Respectfully submitted on November 23, 2025, by:

    ClearView Legal

    _/s/ Marcel A. McCrea_
    ClearView Legal
    Marcel A. McCrea, Esq.
    PO Box 680128
    Charlotte NC 28216
    T.: 980.225.9072
    E: marcel@clearview.legal
    COUNSEL FOR PLAINTIFF